CALLAHAN, Circuit Judge,
concurring in part and dissenting in part:
I concur that Duran is entitled to summary judgment on Dirks’ malicious prosecution claim. However, I dissent from the remainder of the majority’s disposition holding that the deputies are not entitled to summary judgment on the claims against them.
As to Dirks’ false arrest claim, the deputies are entitled to qualified immunity on both grounds raised on appeal. First, Dirks admitted that Martinez and Partida pulled him over after observing him commit a moving violation. Based on the violation, the deputies had probable cause to arrest Dirks. Atwater v. Lago Vista, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001). This probable cause supports Dirks’ arrest, even if the deputies intended to arrest Dirks for resisting, delaying, or obstructing an officer under California Penal Code § 148. Devenpeck v. Alford, 543 U.S. 146, 153-55, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004). Given that Dirks admitted the violation, and the deputies’ entitlement to immunity will otherwise be lost, we should exercise our discretion to consider this basis for immunity for the first time on appeal. See Cmty. House, Inc. v. City of Boise, 623 F.3d 945, 968 (9th Cir.2010) (considering an immunity argument not raised in district court).[1]
*964 Second, under Dirks’ own version of the disputed facts, it appears that he purposely did not produce his license, delayed getting out of his car, and resisted handcuffing by pulling his arm away. These facts establish probable cause to arrest Dirks under § 148, or at least establish that a reasonable officer could have believed probable cause existed. Thus, the deputies are entitled to immunity on this alternative basis. Fuller, 950 F.2d at 1443.
The deputies are also entitled to summary judgment on Dirks’ malicious prosecution claim because the dismissal of the underlying criminal case was not a favorable determination on the merits. See Eells v. Rosenblum, 36 Cal.App.4th 1848, 43 Cal.Rptr.2d 323, 326 (1995) (“[i]f the resolution of the underlying litigation leaves some doubt as to the defendant’s innocence or liability, it is not a favorable termination, and bars that party from bringing a malicious prosecution action”) (internal quotation and alteration marks omitted); cf. Awabdy v. City of Adelanto, 368 F.3d 1062, 1068 (9th Cir.2004) (noting that dismissal of criminal charges in the interest of justice under CaLPenal Code § 1385 is favorable only if it reflects the court’s or prosecution’s opinion that the action lacked merit).
Based on the foregoing, the deputies are entitled to summary judgment on Dirks’ claim that they conspired to falsely arrest and maliciously prosecute him.
Thus, I would reverse the denial of summary judgment on all claims.

. Dirks’ admission indicates that he committed a moving violation or, at least, was pulled over for what the deputies perceived to be a violation. If the latter, the undisputed evidence of Dirks’ driving supports the deputies’ reasonable belief that a violation occurred and, thus, they are entitled to immunity. See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1443 *964 (9th Cir.1991). In either event, surely Dirks would not have admitted to a fact that was so apparently against his interest if he had a basis to dispute it—even if he thought it was immaterial to the specific immunity argument raised in the motion for summary judgment. Our consideration of the issue for the first time on appeal would not, therefore, unduly prejudice Dirks.